**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROBERT WILLIAMS, JR.,                                                                           PLAINTIFF
#658164

V.                                          3:12-cv-00003-BSM-JJV

PAULINE H. EDWARDS, Sgt.,
NEACCC; *et al*.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Mr. Williams filed this *pro se* action, alleging a violation of his civil rights with respect to a disciplinary conviction he received at the Northeast Arkansas Community Correction Center (NEACCC). Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim.

**I.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    FACTS AND ANALYSIS**

In his Complaint, Mr. Williams alleges he was convicted of a disciplinary charge issued by Sgt. Edwards on October 8, 2011. He claims the charge was false, and asks for damages for defamation of character, mental anguish and stress. (Doc. No. 2 at 6.) According to the disciplinary hearing summary report attached to his Complaint (Doc. No. 2-1 at 1), Mr. Williams was found guilty of possessing contraband and received a punishment of reduction in class and loss of good time. His conviction was affirmed on appeal (Doc. No. 2-1 at 6).

To state a claim for relief under § 1983, one must allege that a person acting under

the color of state law deprived the plaintiff of some Constitutional right. *Griffin-El v. MCI Telecommunications Corp., et al.*, 835 F. Supp. 1114, 1118 (E.D. MO 1993). Plaintiff's request for damages for defamation of character fails to state a constitutional claim for relief. *Paul v. Davis*, 424 U.S. 693, 712 (1976) (defamation by a state or local official does not in itself violate rights protected by the federal constitution). In addition, defamation is not actionable under § 1983 and damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (quoting *Paul*, 424 U.S. at 711-12).

Furthermore, any attempt by Mr. Williams to recover damages based on his disciplinary conviction also fails. *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, no damages claim exists unless the conviction is reversed, expunged or call into question by issuance of a federal writ of habeas corpus. This holding in *Heck* was extended to disciplinary situations where inmates lose good time credits, in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The United States Court of Appeals for the Eighth Circuit first applied this principle in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).[1] In *Sheldon*, the court held, "a prisoner

---

[1] The decision of the Eighth Circuit Court of Appeals in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996) preceded the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997), by one year. However, the *Sheldon* court correctly anticipated the Supreme Court's subsequent opinion in *Edwards*, and employed reasoning that was later validated by *Edwards*.

4

cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." *Id.* In so holding, the Eighth Circuit Court of Appeals stated that *Heck* "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." *Id.* at 233 (citing *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996)). The Eighth Circuit Court of Appeals also rejected Sheldon's argument that *Heck* only barred restoration of his good time credit and not his separate claim for monetary damages. *Id.* The court determined that Sheldon's claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence." *Id.* at 234. Thus, Sheldon's § 1983 civil rights action was premature "until the state or a federal habeas court has invalidated the disciplinary result." *Id.* at 233 (citing *Miller v. Indiana Dep't of Corrections*, *supra* at 331, and *Heck v. Humphrey, supra* at 489). Hence, the dismissal was "one without prejudice to permit Sheldon to refile the action if the state or a federal habeas court invalidates the disciplinary ruling." *Id.*

The United States Court of Appeals for the Eighth Circuit reiterated this analysis more recently in *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). Prison officials convicted Portley-El in a prison disciplinary proceeding, and sentenced him to thirty days in segregation, plus forfeiture of forty-five days of good time credit. *Id.* at 1064. He filed a § 1983 civil rights action claiming violations of his due process and equal protection rights

during the course of his disciplinary proceeding. As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification... and money damages." *Id.* at 1064-1065. On appeal, the Eighth Circuit concluded the district court had properly dismissed plaintiff's claim for restoration of his good time credit. *Id*. at 1066 (citing *Preiser v. Rodriguez, supra*, and *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), *cert. denied*, 502 U.S. 899 (1991)). The court further affirmed the dismissal of plaintiff's claims for money damages, observing that:

> Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d at 233. Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Id.* at 1067 [footnote omitted] (quoting *Edwards v. Balisok*, *supra* at 486).

Portley-El argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.* However, the court rejected this distinction as irrelevant and held, "[t]he rule in *Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id*. (quoting *Heck v. Humphrey, supra* at 486). The *Portley-El* court emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id*. Instead, proper inquiry is whether or not the plaintiff's claims, if proven, "would necessarily . . . render the disciplinary result invalid, including the loss of good time credits." *Id*. (citing *Edwards v.*

6

*Balisok, supra* at 647).

In this particular case, Plaintiff also asks for damages for his allegedly wrongful conviction, which resulted in the loss of good time credits. Therefore, the Court finds that this case falls within *Heck* and *Balisok* and therefore should be dismissed.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an *in forma pauperis* appeal from a Memorandum and Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 27th day of January, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the Court held that a complaint construed as stating both habeas and section 1983 claims which was dismissed as frivolous and for failure to exhaust state court remedies, could be considered a "strike" within the meaning of the PLRA.